UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESA MANAGEMENT, LLC,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>TIMOTHY KALER,<br><br>　　　　　　　　　Defendant. | Case No.: 3:23-cv-01324-RBM-MMP<br><br>**ORDER:**<br><br>**(1) REMANDING CASE TO STATE COURT FOR LACK OF SUBJECT MATTER JURISDICTION; AND**<br><br>**(2) DENYING DEFENDANT'S MOTION TO PROCEED IN FORMA PAUPERIS AS MOOT**<br><br>**[Doc. 2]** |

On July 19, 2023, Defendant Timothy Kaler ("Defendant") filed a Notice of Removal of Case No. 37-2023-00010833-CL-UD-CTL ("Notice of Removal"), which was initiated in the Superior Court of California, County of San Diego ("San Diego Superior Court"). (Doc. 1.) Also on July 19, 2023, Defendant filed a Motion for Leave to Proceed In Forma Pauperis ("IFP Motion"). (Doc. 2.) For the reasons discussed below, the Court **REMANDS** this action to San Diego Superior Court and **DENIES** Defendant's IFP Motion as moot.

/ / /

1

## I. BACKGROUND

Plaintiff ESA Management, LLC ("Plaintiff") initiated this action by filing an unlawful detainer action for residential real property against Defendant in San Diego Superior Court ("Underlying Action") on March 15, 2023. (*See* Doc. 1–2.) In the Underlying Action, Plaintiff seeks unpaid rent from Defendant in the amount of $19,975.20 and possession of property located at 1050 Grand Avenue, Room 104 in Carlsbad, California (the "Property"). (*See id.*) Plaintiff alleges that it served Defendant with a written notice requiring Defendant to pay rent or vacate the Property, and Defendant failed to do either. (*Id.* at 2–3.) Plaintiff alleges a single claim for unlawful detainer under California law. (*Id.* at 14.)

On July 19, 2023, Defendant a Notice of Removal. (Doc. 1.) In the Notice of Removal, Defendant explains that the Court has jurisdiction over this matter pursuant to federal question jurisdiction and diversity jurisdiction. (*Id.* at 6–12.)

## II. LEGAL STANDARD

Congress has authorized a defendant to remove a civil action from state court to federal court. 28 U.S.C. § 1441. However, the removing party "always has the burden of establishing that removal was proper." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The district court must remand any case previously removed from a state court "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c); *see Allen v. Santa Clara Cnty. Corr. Peace Officers Ass'n*, 400 F. Supp. 3d 998, 1001 (E.D. Cal. 2019), *aff'd,* 38 F.4th 68 (9th Cir. 2022) ("Lack of subject matter jurisdiction may [] be raised by the district court sua sponte."); *Fort Bend Cnty., Texas v. Davis*, 139 S. Ct. 1843, 1849 (2019) ("[C]hallenges to subject-matter jurisdiction may be . . . 'at any point in the litigation,' and courts must consider them *sua sponte*.") (quoting *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012)). Moreover, there is a strong presumption against removal jurisdiction. *Gaus*, 980 F.2d at 566 ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (quoting *Nishimoto v.*

1  *Federman–Bachrach & Assocs.*, 903 F.2d 709, 712 n. 3 (9th Cir.1990)).  Thus, doubts as
2  to whether the federal court has subject matter jurisdiction must be resolved in favor of
3  remand.  *See Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *see also Gaus*, 980
4  F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right
5  of removal in the first instance.")

### III.   DISCUSSION

A.   Federal Question Jurisdiction

District courts have original jurisdiction over "all civil actions that arise under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (modification in original) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 8–9 (1983)).

Defendant argues that:

> [t]his Court possesses federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 because . . . Defendant alleges a cognizable claim arising under, (1) Violations of the Federal CARES Act; and (2) Breach of Fiduciary Duty indicating potential fraud against the Unites States of America; and (3) Violation of the 6th amendment under the US Constitution; and (4) Violation of Defendant's right fur due process under the 14th amendment of the US Constitution.

(*Id.* at 6.)

The Court notes "[f]ederal jurisdiction cannot be predicated on an actual or anticipated defense . . . or rest upon an actual or anticipated counterclaim."  *Vaden v. Discover Bank*, 556 U.S. 49, 49 (2009).  Rather, "the federal question must 'be disclosed upon the face of the complaint, unaided by the answer.'"  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1086 (9th Cir. 2009) (quoting *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127–28 (1974)).

  Here, Court finds there is no federal question jurisdiction because the Underlying Action invokes an unlawful detainer proceeding pursuant to California law.  (*See* Doc. 1–2); *see also Aurora Loan Servs., LLC v. Montoya*, No. 2:11-cv-2485-MCE-KJN-PS, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011) ("[P]laintiff filed its Complaint in Superior Court asserting a single claim for unlawful detainer premised solely on California law. Because a claim for unlawful detainer does not by itself present a federal question or necessarily turn on the construction of federal law, no basis for federal question jurisdiction appears on the face of the Complaint."); *see also U.S. Bank Nat'l Ass'n v. Bilbaeno*, No. C–12–01707, 2012 WL 3987317, at * 1 (N.D. Cal. Sept.7, 2012) (finding that an unlawful-detainer claim *not* based upon any federal statute cannot establish federal-question jurisdiction).  While Defendant's Notice of Removal asserts various federal causes of action, they have not been formally raised and, in any event, are not asserted in Plaintiff's complaint.  *See Am. Vantage Companies v. Table Mountain Rancheria*, 103 Cal. App. 4th 590, 595 (2002) ("[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.")  Therefore, the Court finds no federal question jurisdiction.

  B. <u>Diversity Jurisdiction</u>

  Diversity jurisdiction under title 28 of the United States Code, section 1332, gives district courts original jurisdiction of civil actions that are between citizens of different states where the amount in controversy exceeds $75,000.  *Louie v. BFS Retail & Com. Operations, LLC*, 178 Cal. App. 4th 1544, 1554 (2009).  For purposes of citizenship, a limited liability company is a citizen of every state in which its owners are citizens.  *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

  Defendant argues diversity jurisdiction exists because Defendant is a resident of California, and Plaintiff "is not a citizen of the State of California."  (Doc. 1 at 8.) Additionally, Defendant explains that "[i]n this case the record contains offers which [Plaintiff's] counsel and representatives sent to [Defendant] which will, when combined with requests at trial, will exceed $80,000 . . . ."  (*Id.* at 12.)

  The Court finds Defendant has failed to overcome the "strong presumption" against removal jurisdiction. *See Gaus*, 980 F.2d at 566. As previously noted, "the defendant always has the burden of establishing that removal is proper." *Id.* Here, Defendant does not show there is complete diversity among the parties and simply states Plaintiff "is not a citizen of the State of California." (*See* Doc. 1 at 8.) Since Plaintiff is an LLC, Plaintiff's citizenship is determined by the citizenship of its owners. *See Johnson*, 437 F.3d at 899. However, Defendant fails to identify the specific citizenship of the owners.

  Even assuming there was complete diversity, Defendant fails to show the amount in controversy exceeds $75,000. It is well established that "[w]here it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Conclusory allegation as to the amount in controversy are insufficient. *Id.* at 1090–91; *see Gaus*, 980 F.2d at 567. Here, Defendant argues "[t]he amount in controversy requirement of the diversity statute is easily met in this case" and explains there are "settlement demand letters and other relevant evidence of the amount in controversy that appears to reflect a reasonable estimate of [Plaintiff's] claim in excess of $80,000.[] This will be further explored at trial with witnesses." (Doc. 1 at 11–12.) The Court notes Plaintiff's initial March 15, 2023 filing in San Diego Superior Court identifies this action as a "limited civil case" which "exceeds $10,000 but does not exceed $25,000." (Doc. 1–2 at 1.) Additionally, Plaintiff seeks "possession of the premises" and costs incurred in the proceeding including "past-due rent of $19,975.20" and "reasonable attorney fees." (*Id.* at 4.) It appears Plaintiff's request is limited and, based on the foregoing, unlikely to exceed $75,000. While Defendant mentions an $80,000 estimate, the origins of that estimate are unclear. *See Garza v. Bettcher Indus., Inc.*, 752 F. Supp. 753, 763 (E.D. Mich. 1990) (holding that defendant's assertion that "the amount in controversy exceeds $50,000," without identifying any specific factual allegations or provisions in the complaint which might support that proposition, should provoke *sua*

*sponte* remand). Therefore, the Court concludes Defendant has failed to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### IV. CONCLUSION

In conclusion, it appears the Court lacks subject matter jurisdiction over this action and, because Defendant cannot establish this Court has jurisdiction, removal was improper. Therefore, the Court **REMANDS** this action to San Diego Superior Court and **DENIES** Defendant's IFP Motion as moot.

**IT IS SO ORDERED**.

DATE: August 2, 2023

_____
HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE